**COLLINS v. CLIFF OIL & GAS CO., Inc.**

**No. 5545.**

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Irion & Switzer, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit against the defendant corporation to recover for an alleged loan made to the defendant. The defense is a denial of plaintiff's allegations, and, in the alternative, if such loan was made to defendant's president, there was no authorization therefor by the corporation.

The case was tried on its merits below, resulting in judgment for defendant and dismissing plaintiff's demands, from which judgment plaintiff has prosecuted this appeal.

The judgment of the lower court is eminently correct, and, if it were in our power, we would affirm the judgment without further discussion of the case.

There is no testimony, when it is carefully studied, to connect the defendant in any way with the claim contended for by plaintiff. Plaintiff had no conversation or dealings of any kind with any one supposed to be representing the defendant prior to furnishing the money for which he is suing.

The record discloses that C. S. Stovall, who was the president of defendant corporation and who owned one share of stock in same, discussed with one Mr. Coile on several occasions the question of securing a lease in the Pine Island oil field of Caddo parish. Coile finally submitted to Stovall a lease he said he could secure from the Hunter Company; and at that time Stovall informed him that if he would procure said lease, he and his associates would attempt to raise sufficient money to drill

a well thereon in search of oil and gas. Coile was to receive one-eighth interest in the lease and production, and Stovall six-eighths, out of which he would dispose of enough to finance the drilling of a well. According to his testimony, plaintiff was to receive a payment of $500 from Coile and $500 from Stovall out of the oil in repayment of his loan. He never talked with Stovall about this arrangement, however, before loaning the money. Coile secured the lease in the name of Stovall and borrowed $400 from plaintiff to pay for it. The defendant herein was not mentioned at any time during any of these conversations. The defendant corporation only possesses one 2-acre lease in Sabine parish on which it has a producing oil well, and which pays approximately $500 a month. It has drilled no other wells, and is not engaged in buying, selling, or operating any other lease. However, C. S. Stovall, who is president of defendant corporation, was employed by it to manage and look after the one well owned by the corporation. It is not shown that he had any further authority, either express or implied. Stovall, for himself, did promote and drill numerous wells not in anywise connected with the defendant corporation, and in this case the record makes it clear that the transaction between him, Coile, and others associated, not connected with the defendant in any way, was only another promotion scheme of Stovall's for himself and not for defendant, in which scheme he failed to promote, and a well was never drilled. However, before the expiration of the drilling clause in the lease, Stovall assigned the lease to plaintiff, who accepted it. There is no testimony in the record to connect the defendant corporation with this transaction in any manner. There is no testimony to show that Stovall had any express power to bind the defendant corporation in contracting a lease. Rev. Civ. Code, art. 2997. To the contrary, the testimony shows that Stovall was acting for himself and others whom he at the time hoped to have join him in the venture.

■ It is most difficult to write an opinion when the record is so barren of testimony to show liability on the part of the defendant. A discussion of whether Stovall is personally liable when he has not been made a defendant would be out of place here. It is clear the defendant is not liable, and the judgment of the lower court is affirmed, with costs.